FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

00 FEB -3 PM 2: 33

U.S. DISTRICT COURT
N.D. OF ALABAMA

STACEY A. WILLIAMS,

     PLAINTIFF,

vs.                                         CASE NO. CV 00-J-141-S

TODD, BREMER & LAWSON, INC.,
TOM FUNDERBURK,

     DEFENDANTS.

ENTERED

FEB 3 2000

**MEMORANDUM OPINION**

This case is an action in which the plaintiff sues defendants for a series of telephone calls which the plaintiff alleges were intentional, willful and malicious in number and character. Complaint at ¶¶ 6, 7. The case was originally filed in the Circuit Court of Jefferson County. The defendant filed a notice of removal (doc. 1), alleging this court has original jurisdiction under 28 U.S.C. § 1332. The plaintiff is a resident of the state of Alabama and the defendants are both residents of South Carolina. Notice of Removal at ¶¶ 8-9. The state court complaint states claims for invasion of the right to privacy (Count One), intentional infliction of emotional distress (Count Two), and fraudulently and false representation (sic) that defendants were lawyers (Count Three).

The plaintiff has filed a motion to remand (doc. 3). The plaintiff states that this case does not involve any federal question, but solely state law claims, and that the requirements

4

for diversity jurisdiction under 28 U.S.C. § 1332 are not met as the amount in controversy does not exceed $75,000.00. Motion to remand at ¶¶ 1, 3.

The defendant removed this case on the theory that the plaintiff "would not be barred from seeking an amount in excess of the jurisdictional amount of $75,000.00 from a jury." Notice of Removal at ¶ 3. In *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), the Court stated: "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand (citations omitted)." The Court went on to state that:

> Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate. Plaintiff's complaint specifically requests $45,000 in damages. Therefore, no jurisdiction exist (sic) on the face of the plaintiff's claim. So, the critical question is to what extent must defendant prove jurisdiction exists despite plaintiff's express claim to less than the jurisdictional amount?
>
> We believe the defendant's burden of proof must be a heavy one .... We will not assume – unless given reason to do so – that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception....

*Burns*, 31 F.3d at 1095. The Court in *Burns* further stated, "where a plaintiff has specifically claimed less than the jurisdictional amount in state court, a defendant, to establish removal jurisdiction, must prove to a 'legal certainty' that the plaintiff would not recover less than

$50,000 if she prevailed".[1]  *Id.*  The defendants' speculative argument, that the plaintiff "would not be barred from seeking an amount" in excess of $75,000.00, falls far short of the "legal certainty" standard the Eleventh Circuit adopted in *Burns, supra.*  The defendants have failed to establish that the plaintiff will not recover less than $75,000.00 if he prevails. Because this court finds this case to be, in essence, indistinguishable from the *Burns* case, and further finds that the controlling precedent in this Circuit is *Burns*, this court finds itself without subject matter jurisdiction.

Therefore, based on a consideration of all of the above, this court **FINDS** that the above-entitled action was removed improvidently and that this court is without jurisdiction. Accordingly, plaintiff's motion to remand is hereby **GRANTED**.  This action shall be **REMANDED** to the Circuit Court of Jefferson County from whence it was removed.

**DONE** and **ORDERED** this the ____*3*____ day of February, 2000.

_____
Inge P. Johnson
United States District Judge

---

[1]The jurisdictional amount would now be $75,000 pursuant to the 1996 amendments to 28 U.S.C. § 1332.  The plaintiff here specifically claimed "judgment against Defendants in the sum of SEVENTY-FOUR THOUSAND FIVE HUNDRED DOLLARS ($74,500.00) in compensatory damages...."  *See* plaintiff's complaint at 4.

3